IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TODD S. JOHNSON,**

      Plaintiff,

  v.

**JONDY CHEMICALS, INC.,**

      Defendant.

No. 3:16-cv-01734-MO

OPINION AND ORDER

**MOSMAN, J.**,

      Plaintiff Todd Johnson ("Mr. Johnson") sued Defendant Jondy Chemicals, Incorporated ("Jondy") for wrongful termination alleging five claims. Jondy now moves to dismiss two of Mr. Johnson's five claims. Specifically, Jondy moves to dismiss those claims brought under the Family and Medical Leave Act ("FMLA") and the Oregon Family Leave Act ("OFLA"). For the reasons set forth below, Jondy's Motion to Dismiss for Failure to State a Claim [10] is GRANTED.

## BACKGROUND

      Mr. Johnson worked as an independent contractor / salesperson for Jondy for several years prior to 2015, living and operating out of Oregon. On March 19, 2015, Mr. Johnson flew to Kentucky, and, while there, Jondy promoted him to Western Regional Sales Manager, a full-time salaried position. Mr. Johnson commenced full-time employment with Jondy on April 1, 2015. On June 9, 2015, Mr. Johnson discovered he had cancer that would require surgery. On that date or shortly thereafter, he scheduled his surgery for September 2, 2015, and informed Jondy of his

condition, necessity for treatment, date of scheduled treatment, and necessity for leave pursuant to that treatment. On July 24, 2015, Jondy informed Mr. Johnson that it was terminating him from his position, with his termination effective on August 31, 2015. Mr. Johnson underwent the surgery on September 2, 2015, and received treatment for approximately four weeks following the surgery.

Mr. Johnson filed this lawsuit on August 30, 2016, alleging violations of the FMLA, violations of the OFLA, wrongful discharge, breach of contract, and promissory estoppel. On December 29, 2016, Jondy filed a Motion to Dismiss seeking to dismiss Mr. Johnson's claims under the FMLA and the OFLA.

## LEGAL STANDARD

When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A court need not accept legal conclusions as true because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While a plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 15 provides that a court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). As such, when a court dismisses a

complaint for failure to state a claim, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). If amendment would be futile, the court need not grant leave to amend. *Id.*

## DISCUSSION

Jondy argues that Mr. Johnson was never an "eligible employee" as required to state an interference claim under both the FMLA and the OFLA. Accordingly, Jondy posits that Mr. Johnson's FMLA and OFLA interference claims must be dismissed. I will address both claims in turn and then address whether Mr. Johnson has also pled a claim for retaliation under either statute.

### I. Interference under the Family and Medical Leave Act

One of the purposes of the FMLA is "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(2). To serve this purpose, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." *Id.* § 2615(a)(1).

Mr. Johnson's first claim for relief alleges "FMLA Interference." Employment termination resulting from an employee exercising or attempting to exercise his FMLA leave gives rise to a claim for FMLA interference. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). To maintain an interference claim, a plaintiff must prove that "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (quoting *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)). In order to be an "eligible employee," and thus establish the first element of an FMLA interference claim, the employee must:

> (1) Ha[ve] been employed by the employer for at least 12 months,[1] and
> (2) Ha[ve] been employed for at least 1,250 hours of service during the 12–month period immediately preceding the commencement of the leave . . . , and
> (3) [Have been] employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite . . . .

29 C.F.R. § 825.110(a).

As Mr. Johnson began employment on April 1, 2015, he had not been employed for at least twelve months when he was informed of his termination on July 24, 2015; when his termination was effective on August 31, 2015; or when his proposed leave was to begin on September 2, 2015. Because he did not become an "eligible employee" until April 1, 2016, Jondy argues that Mr. Johnson's leave for treatment was not protected by the FMLA, and therefore, he does not and cannot plead facts sufficient state an FMLA interference claim.

Mr. Johnson responds by arguing that some courts have held that an employee can have protected FMLA leave when the employee makes a "pre-eligibility request for post-eligibility [FMLA] leave." *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012). That is, an employee can maintain an FMLA interference claim even though the employee, at the time of termination, was not an "eligible employee" with respect to the twelve-month employment requirement. *Id.* Mr. Johnson argues that because cancer treatment is a long, drawn-out process, he would have become eligible for FMLA leave during his treatment, and thus, his "pre-eligibility request for [his] post-eligibility [FMLA] leave" is protected. *Id.*

As an initial point, *Pereda*'s reasoning—that the FMLA protects a request for leave made by an ineligible employee for leave that will occur after becoming eligible—persuades me. As this issue has not previously been addressed by the Ninth Circuit or the District of Oregon, I choose to adopt *Pereda* here. Nevertheless, as I discuss below, *Pereda* may or may not afford Mr. Johnson relief.

---
[1] Under 29 C.F.R. § 825.110(b), "[t]he 12 months an employee must have been employed by the employer need not be consecutive months." However, Mr. Johnson does not allege that his prior employment as an independent contractor / salesperson began the 12-month accrual.

4 – OPINION AND ORDER

*Pereda* had rather unique, concrete facts, and understanding the court's application of those facts will be helpful in *Pereda*'s application here. In *Pereda*, the plaintiff began employment with the defendant in October 2008. *Id.* at 1271. In June 2009, the plaintiff notified the defendant that she was pregnant with a due date in late November 2009 and would be taking FMLA leave upon delivery of the child. *Id.* However, she was fired in September 2009. *Id.* She would have been employed for twelve months—and thus an "eligible employee"—in October 2009, one month prior to her anticipated FMLA leave. *Id.* at 1272 n.5. The court held that because the plaintiff would have been an "eligible employee" prior to when her FMLA leave was to commence and thus eligible on the date of her anticipated FMLA leave, her leave was protected even though she was terminated prior to becoming eligible. *Id.* at 1275. Accordingly, under *Pereda*, it is immaterial to Mr. Johnson's FMLA interference claim that he was terminated before he became an "eligible employee" under the FMLA.

Jondy, in response, argues that *Pereda* is unavailing to Mr. Johnson. The distinction, according to Jondy, is that the plaintiff in *Pereda* would have been an "eligible employee" when her leave was to *commence*, whereas here, Mr. Johnson would not have been an "eligible employee" when his leave was to *commence*—on September 2, 2015. This distinction, to Jondy, is dispositive in deciding whether Mr. Johnson has stated, or could state, an FMLA interference claim. According to Jondy, *Pereda*'s interpretation of the FMLA provides a pre-eligible plaintiff redress *only* when the plaintiff's anticipated leave for treatment begins after he becomes an "eligible employee."

I find Jondy's reasoning erroneously conflates "commencement of leave" with "commencement of treatment." The law recognizes that an employee can commence leave for treatment and later commence leave for purposes of the FMLA, even though both commencements are for the same medical condition and both occur during one contiguous absence. *See* 29 C.F.R. § 825.110(d) ("An employee may be on non–FMLA leave at the time he or she meets the 12–month eligibility requirement, and in that event, any portion of the leave taken for an FMLA–qualifying reason after the employee meets the eligibility requirement would be FMLA leave."). Accordingly,

5 – OPINION AND ORDER

"commencement of leave" is not synonymous with "commencement of treatment" because the former indicates when one commences leave *under the FMLA* and the latter merely indicates when an employee will be unable to work. "Commencement of leave," instead, should be read as "commencement of *FMLA* leave."

Suppose, for example, that an employee, anticipating an extended treatment period, notifies his employer that he will be taking an extended leave of absence with a set start and return date. During the requested leave, it is anticipated that the employee will meet the eligibility requirements—i.e., become an "eligible employee" as defined by 29 C.F.R. § 825.110(a). The employee then commences treatment, cannot work, and begins his leave. During the employee's contiguous absence, the employee meets the twelve-month requirement and becomes an "eligible employee."[2] Under these facts, the employee had, from the time he notified his employer of his anticipated leave, a protected interest in that leave because the employer had "sufficient information . . . to reasonably determine [that] the FMLA . . . appl[ied] to the leave request." *Id.* § 825.303(b). That is, the employer knew the start and stop dates of the employee's requested leave and could, from those dates, reasonably determine that the FMLA applied to a portion of that leave. Accordingly, any termination or adverse employment decision as a result of the employee invoking this protected leave would create liability on behalf of the employer for FMLA interference.[3]

Therefore, the fact that an employee's treatment commences pre-eligibility—i.e., the treatment commences as non-FMLA leave—does not, in and of itself, bar the employee's rights in subsequent FMLA leave for the same treatment during the same contiguous absence. The non-FMLA

---

[2] Under this factual scenario, the employee may run into other hurdles for becoming an "eligible employee," such as minimum hourly requirements. *See* 29 C.F.R. § 825.110(a)(2). For purposes here, however, it is unnecessary to address those hurdles in detail.

[3] Specifically, the employee has an FMLA interference claim when the "employer terminates [the employee] in order to avoid having to accommodate that employee with rightful FMLA leave." *Pereda*, 666 F.3d at 1275. This conclusion also assumes that the employee would be able to prove the other necessary elements for FMLA interference. *See Sanders*, 657 F.3d at 778.

leave can give way to protected FMLA leave for the same treatment, and the protected FMLA leave *commences* on the day the employee becomes eligible.

Thus, Mr. Johnson, in notifying Jondy of his necessity for treatment, could have invoked FMLA protected leave for when he was to become an "eligible employee" on April 1, 2016, even though he began treatment on September 2, 2015, while he was ineligible. To do so, Mr. Johnson needs to allege that on or around June 9, 2015, he was aware that his cancer treatment would extend until after April 1, 2016, and that his treatment would also require leave after April 1, 2016. Mr. Johnson also needs to allege that he conveyed this necessity to Jondy or, alternatively, that Jondy had "sufficient information . . . to reasonably determine" that the FMLA applied to Mr. Johnson's leave request. 29 C.F.R. § 825.303(b). If, in good faith, Mr. Johnson can provide a factual basis to support such a scenario, he may be able to state a claim for FMLA interference.

As currently pled, however, Mr. Johnson's Complaint falls far short of getting him to the rather unlikely, but possible, scenario described above. The Complaint merely indicates that Mr. Johnson requested leave to begin on September 2, 2015. The Complaint does not indicate that Mr. Johnson conveyed to Jondy his necessity for leave after April 1, 2016, nor does it indicate in any way that he would need leave after April 1, 2016. Because all leave alleged in the Complaint occurred before April 1, 2016, it is not protected by the FMLA.

Accordingly, Mr. Johnson was not an eligible employee under the FMLA at any point during his leave—i.e., he never commenced FMLA leave because he was ineligible to do so. Therefore, I dismiss his FMLA interference claim. But as illustrated above, it is possible for Mr. Johnson to amend his complaint and allege facts that would invoke the FMLA's protections. Therefore, I dismiss Mr. Johnson's FMLA-Interference claim without prejudice.

## II. Interference under the Oregon Family Leave Act

Mr. Johnson's second claim alleges "OFLA Interference." The OFLA is Oregon's analogue to the FMLA and "shall be construed to the extent possible in a manner that is consistent with any similar provisions of the [FMLA]." Or. Rev. Stat. § 659A.186(2). Thus, a claim for interference under the OFLA largely resembles an interference claim under the FMLA. *Compare Ambrose v. J.B. Hunt Transp., Inc.*, No. 3:12–CV–01740–HU, 2014 WL 585376, at *10 (D. Or. Feb. 13, 2014) (listing the elements for an OFLA interference claim), *with Sanders*, 657 F.3d at 778 (listing the same elements for an FMLA interference claim). But the timelines under the OFLA are different than those under the FMLA. Specifically, an employee becomes an "eligible employee" under the OFLA on the 180th day of employment, instead of the one-year requirement under the FMLA. Or. Rev. Stat. § 659A.156(1); 29 C.F.R. § 825.110(a)(1).

Notwithstanding the shorter employment requirements under the OFLA, Jondy seeks to dismiss Mr. Johnson's OFLA interference claim on the same ground sought for FMLA dismissal—that Mr. Johnson was not an "eligible employee" when his leave commenced. Specifically, Jondy argues that Mr. Johnson was not employed for 180 days before the date on which his leave commenced, and therefore, Mr. Johnson cannot satisfy the first element of an OFLA interference claim. *See* Or. Rev. Stat. § 659A.156(1)(a) (requiring that to be "eligible" an employee needs to be employed for 180 days); *Ambrose*, 2014 WL 585376, at *10 (requiring that the "employee [be] eligible for OFLA's protections" to seek an OFLA interference claim).

In response, Mr. Johnson argues that *Pereda*'s rationale should be extended to include interference claims under the OFLA. Mr. Johnson argues that if so extended, *Pereda* would give him a protected interest in OFLA leave stemming from his pre-eligibility request for post-eligibility leave. *Pereda*, 666 F.3d at 1272. *Pereda* has not been addressed by the state courts of Oregon, but I believe the Oregon Supreme Court would recognize *Pereda*'s application to the OFLA. First,

*Pereda*'s holding is consistent with the text of the OFLA, which requires the employee, in order to be eligible, to be employed for "180 days immediately before the date on which *the [OFLA] leave would commence.*" Or. Rev. Stat. § 659A.156(1) (emphasis added). Thus, the statute anticipates that the date on which an employee commences OFLA leave is determinative of eligibility, and the statute makes no reference about eligibility at the time the request is made. Second, I find that *Pereda*'s rationale helps serve the equitable purposes of the OFLA because an employee who makes a pre-eligible request for post-eligible leave should have a protected interest in that post-eligible OFLA leave. Otherwise, employers would be able to terminate non-eligible employees as a direct result of their requested leave and would be able to circumvent providing those employees with the leave they are entitled to under the OFLA. *See* Or. Rev. Stat. § 659A.186(2) (providing that the OFLA be construed similarly to the FMLA); *Pereda*, 666 F.3d at 1275 ("[T]he interpretation that [defendant] urges would . . . frustrate the purpose of the FMLA by permitting employers to eliminate staff that the employer perceives will need FMLA."); Or. Admin. R. 839-009-0230 ("Eligible employees may take OFLA leave [for a] serious health condition . . . ."). Therefore, I now extend *Pereda*'s rationale to cover the OFLA. However, as with Mr. Johnson's FMLA claim, *Pereda* does not necessarily provide him any relief.

Jondy asserts that *Pereda* is unavailing to Mr. Johnson under the OFLA because his leave for treatment commenced before he was employed for 180 days, and thus, Mr. Johnson was not eligible when his leave commenced. Again, Jondy, in seeking outright dismissal, mistakenly conflates "commenced treatment" with "commenced OFLA leave."

As the OFLA is to be construed in a manner consistent with the FMLA, I find 29 C.F.R. § 825.110(d)—providing that employees can become eligible during non-FMLA leave—consistent with the OFLA. *See* Or. Rev. Stat. § 659A.186(2). Therefore, an employee can be on non-OFLA leave at the time he meets the OFLA eligibility requirements, "and in that event, any portion of the leave taken for an [OFLA]–qualifying reason after the employee meets the eligibility requirement

9 – OPINION AND ORDER

would be [OFLA] leave." 29 C.F.R. § 825.110(d). Thus, contrary to Jondy's arguments, "commenced treatment" is not synonymous with "commenced OFLA leave."

Mr. Johnson does not need to have explicitly requested OFLA leave. *See* Or. Admin. R. 839-009-0250(1) ("The employee is not required to specify that the request is for OFLA leave."). However, to obtain OFLA protections, Mr. Johnson needs to have informed Jondy that his leave would be extending longer than twenty-six days[4] or that he provided "sufficient information for [Jondy] to reasonably determine" that the OFLA applied to his request. 29 C.F.R. § 825.303(b).[5]

The Complaint does not allege that Mr. Johnson informed Jondy that his leave would last longer than twenty-six days. Therefore, Jondy did not know that his leave would, in fact, be extending into a period for which he was OFLA-eligible. The only question left to address, then, is whether the OFLA's shorter timeline for eligibility affects whether, under the facts alleged, Jondy had sufficient information to determine that the OFLA applied to Mr. Johnson's leave request. *See id.* I find Jondy did not.

The Complaint is silent with respect to the details of Mr. Johnson informing Jondy of his necessity for treatment. As a result of this absence, and recognizing that cancer treatments vary, I do not find that Jondy had sufficient information to reasonably determine that Mr. Johnson's leave would be extended for longer than twenty six days. *Id.* While I recognize that Mr. Johnson's treatment did, in fact, last for longer than twenty-six days—twenty-eight to be precise—this post-hoc calculation of treatment length does not supply the necessary information for me to find that Jondy reasonably determined, prior to its termination of Mr. Johnson, that his treatment would extend into a

---

[4] Mr. Johnson became an eligible employee under the OFLA on September 28, 2015, twenty-six days after his leave for treatment commenced.
[5] Because Or. Rev. Stat. § 659A.165 ("Notice of leave") and the Oregon Administrative Rules are silent with respect to the requirements necessary to give employers notice that the OFLA applies to a given employee's leave, I find 29 C.F.R. § 825.303(b)'s interpretation of the FMLA consistent with the OFLA. *See* Or. Rev. Stat. § 659A.186(2).

period for which he was eligible under the OFLA.[6] Based upon the notice Mr. Johnson alleged, I find that Jondy did not, nor should have, reasonably determined that Mr. Johnson was to become OFLA-eligible during his requested leave. *Id.*

However, because it is possible for Mr. Johnson to allege facts that would bring him within OFLA's protections, I dismiss Mr. Johnson's OFLA interference claim without prejudice.

### III. Potential retaliation claims under both the FMLA and OFLA

Mr. Johnson's two statutory claims are titled "FMLA Interference" and "OFLA Interference," respectively. However, within both claims, there are allegations of retaliation.[7] Because retaliation is a separate cause of action under both statutes, and Jondy only moves to dismiss Mr. Johnson's interference claims, addressing whether Mr. Johnson also pursues retaliation theories will determine whether he still maintains statutory claims. *See, e.g., Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003) (distinguishing FMLA interference and retaliation claims); *Rogers v. Or. Trail Elec. Consumers Coop.*, No. 3:10–CV–1337–AC, 2012 WL 1635127, at *20 (D. Or. May 8, 2012) (distinguishing OFLA interference and retaliation claims).

Under the FMLA, termination resulting from an employee attempting to exercise or utilize his FMLA leave—as Mr. Johnson alleges here—gives rise to a claim for interference, not retaliation. *See Bachelder*, 259 F.3d at 1124. Retaliation, on the other hand, is when "an employee is punished for opposing unlawful practices by the employer." *Xin Liu*, 347 F.3d at 1136 (emphasis in original). Because Mr. Johnson makes no such allegations, he has not stated a claim for retaliation under the FMLA.

---

[6] Although, I do recognize that the likelihood that Jondy's awareness of this possibility is enhanced, when compared to the FMLA timeline, by the temporal proximity between Mr. Johnson beginning treatment and reaching eligibility under the OFLA.

[7] Under Mr. Johnson's FMLA claim, he claims that "Defendant's act of terminating Johnson constituted willful interference and retaliation under FMLA." Under his OFLA claim, he asserts that "Defendant's denial of OFLA leave and retaliatory discharge is in violation of [Or. Rev. Stat. §] 659A.183," and "[a]s a result of Defendant's interference and retaliatory discharge, Johnson suffered damages."

11 – OPINION AND ORDER

An OFLA retaliation claim only arises when retaliation results from an individual "inquir[ing] about the provisions of [the OFLA]." Or. Rev. Stat. § 659A.183(2); *see Rogers*, 2012 WL 1635127, at *20. Mr. Johnson makes no allegations related to him inquiring about the provisions of the OFLA, and as a result, he has not stated a claim for retaliation under the OFLA.

Mr. Johnson does not appear to be pursuing retaliation theories, nor has he alleged facts sufficient to state retaliation claims under either statute. Therefore, as I am granting Jondy's Motion to Dismiss the FMLA-Interference and OFLA-Interference claims, Mr. Johnson no longer maintains any statutory claims.

## CONCLUSION

For the reasons stated above, I GRANT Jondy's Motion to Dismiss for Failure to State a Claim [10]. Mr. Johnson does not allege sufficient facts to demonstrate he informed Jondy that his leave would be extending into a period of eligibility under either statute. Mr. Johnson also does not allege sufficient facts for me to find that Jondy reasonably determined that Mr. Johnson's leave would, in fact, be extending into a period of eligibility under either statute. As I described in greater detail above, depending on Mr. Johnson's communications with Jondy on or around June 24, 2015, or at any time between his knowledge of his condition and his subsequent termination, Mr. Johnson may be able to demonstrate Jondy's awareness with respect to the length of his leave and his subsequent eligibility for a portion of that leave. Thus he may be able to state a claim for interference under the FMLA, the OFLA, or both. The Complaint [1], however, does not allege sufficient facts for me to find Mr. Johnson eligible here. Accordingly, I GRANT Jondy's Motion to Dismiss [10] and dismiss without prejudice. Mr. Johnson has thirty days to file an amended complaint or these claims will be dismissed.

//

//

DATED this __13th__ day of April, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge